# June 1 Transcript

# June 1, 2011 Transcript

```
 1   SUPREME COURT    :   NASSAU COUNTY         COPY
     PART No. 13
 2
     X------------------------------------------X
 3   BRT REALTY TRUST and W FINANCIAL
     FUND L.P.,
 4                              Plaintiffs,

 5        -against-                              Index No.
                                                 1473/2010
 6
     MOSHE LAX, ESTATE OF CHAIM LAX and
 7   YITZCHOK HAGER, a/k/a ISSAC HAGER,
                                Defendants.
 8   X------------------------------------------X

 9
                                          100 Supreme Court Drive
10                                        Mineola, New York
                                          June 1, 2011
11

12                    MINUTES OF STIPULATION

13   B e f o r e:

14              HON. THOMAS FEINMAN,

15                                   Justice.

16

17   APPEARANCES:

18        For the Plaintiffs:
              JASPAN SCHLESINGER, LLP
19            300 Garden City Plaza
              Garden City, NY  11530-3324
20        BY: STEVEN R. SCHLESINGER

21        For the Defendants Moshe Lax and Estate of Chaim Lax:
              RUSKIN MOSCOU FALTISCHEK, P.C.
22            1425 RXR Plaza East Tower 15th Floor
              Uniondale, NY  11556-1425
23        BY: MATTHEW F. DIDORA

24

25
                                                              cb
```

```
 1   APPEARANCES (Continued):

 2       For Non-party 20 Bayard Views, LLC:
             PORZIO, BROMBERG & NEWMAN, P.C.
 3           100 Southgate Parkway
             Morristown, NJ  07962-1997
 4       BY: WARREN J. MARTIN, JR.

 5       For the Proposed Intervenors The Chaim Lax Family Trust,
             LX Holdings, LLC, Favorite Properties, LLC, Favorite
 6           Enterprises, LLC, Gama Trust and Gamma Trust:
             LAW OFFICE OF STEVEN COHN, P.C.
 7           One Old Country Road  Suite 420
             Carle Place, NY  11514
 8       BY: STEVEN COHN

 9                                       CONSTANCE BERRILL, CSR
                                         Official Court Reporter
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
                                                              cb
```

3

BRT Realty v. Lax, et al.

1   (In open court.)
2   THE COURT: Who is going to put it on the
3   record?
4   MR. SCHLESINGER: I will do my best, and
5   everybody can chime in.
6   THE COURT: Chime in quickly.
7   MR. SCHLESINGER: It's my understanding that the
8   case -- and I represent the judgment creditor in this
9   proceeding, that this case as well as all of the related
10  cases, which will include the bankruptcy case called 20
11  Bayard Views, LLC, under Eastern District Bankruptcy
12  No. 10-01198, as well the proceeding pending before
13  Justice DiStefano on the fraudulent conveyance, are all
14  settled as a package that will result in the following
15  actions:
16  The debtor in the bankruptcy case will cooperate
17  and file a consensual plan, wherein my clients will
18  contribute 1 million 5 to the plan --
19  MR. MARTIN: 1 million 500 thousand to the plan.
20  MR. SCHLESINGER: One million five hundred
21  thousand to the plan. The plan will be filed as soon as
22  practicable, and following the filing, approval, and
23  acceptance of the plan, the plan will convey to my clients
24  the real estate owned by the debtor, 20 Bayard Views, LLC.
25  THE COURT: Wait a minute. Who is getting the

cb

1  real estate?

2  MR. SCHLESINGER: My clients will get the real

3  estate under the plan, pursuant to the plan, in exchange

4  for contributing 1 million 5 to the plan. There will be

5  releases between all the parties, joint releases.

6  As part of the plan they will give to our

7  clients the rent rolls, the security deposits, the keys,

8  the leases, and any contracts, as well as any principals

9  of the debtor or any related parties will resign from the

10 condo association board and designate my clients in their

11 place and designate my clients as successor sponsor of the

12 plan.

13 (Discussion held off the record among counsel.)

14 MR. SCHLESINGER: And all appeals related to

15 this case --

16 THE COURT: All appeals are withdrawn, all

17 subpoenas are withdrawn, all motions are withdrawn.

18 MR. SCHLESINGER: OK. And all documents

19 produced in any proceeding relating to discovery will be

20 returned, and this will all be done upon the consummation

21 of the plan.

22 Correct? Is that the correct term, consummation

23 of the plan?

24 MR. MARTIN: Confirmation.

25 MR. SCHLESINGER: Confirmation or consummation?

cb

BRT Realty v. Lax, et al.

5

1   THE COURT: How about both? Upon approval of
2   the plan.
3   MR. MARTIN: On the effective date of the plan.
4   MR. SCHLESINGER: Yes, it has to be the
5   effective date, because it has to be approved, and then
6   there's a ten-day appeal period.
7   THE COURT: Do you have something else to add to
8   this?
9   MR. SCHLESINGER: I don't believe so.
10  THE COURT: Mr. Martin?
11  MR. MARTIN: Yes. The bankruptcy plan will
12  include customary releases all around, including
13  third-party releases, which will not be objected to.
14  That's to my clients, to the professionals; what we call
15  in bankruptcy exculpation provisions.
16  All documents that the plaintiffs in this matter
17  have received through subpoenas, through discovery --
18  THE COURT: I believe he has already said that.
19  We don't have to reiterate. Tell me what exception you
20  take, if any.
21  MR. MARTIN: I believe --
22  THE COURT: Mr. Cohn?
23  MR. MARTIN: -- I would like, as well, if those
24  documents have been shared with any other parties, I would
25  like a representation as to whom.

cb

BRT Realty v. Lax, et al.

1   MR. SCHLESINGER: I'm not aware of anyone
2   they've been shared with other than my clients and
3   ourselves and filed with the Court.
4   MR. MARTIN: I will accept that representation.
5   THE COURT: That's not something that's truly
6   enforceable.
7   MR. MARTIN: I know that, but I would like that
8   representation.
9   THE COURT: Do you have anything of substance to
10  add?
11  MR. MARTIN: I have 1.5 million for a deed to
12  all apartments and related areas, full use of the
13  property. That's the essence.
14  THE COURT: Mr. Cohn?
15  MR. COHN: There has been a stipulation to
16  intervene on behalf of the trust.
17  THE COURT: And I'm allowing that to happen.
18  MR. COHN: Because we want to be the beneficiary
19  of a release also, and beneficiary of the settlement.
20  THE COURT: Yes.
21  MR. COHN: So it's clear we are in the case.
22  THE COURT: You are clearly in the case. You
23  have intervened, and the people you represent will get
24  releases.
25  MR. COHN: And I don't know if the address of

cb

BRT Realty v. Lax, et al.

1   the property has ever been mentioned on the record. So
2   there is no mis --
3       MR. MARTIN: 20 Bayard Street, Brooklyn,
4   New York.
5       MR. COHN: Let's put it on the record.
6       MR. SCHLESINGER: I think I referred to it as
7   the real property owned by --
8       MR. COHN: You may have.
9       MR. SCHLESINGER: -- 20 Bayard Views, LLC.
10      THE COURT: Gentlemen --
11      MR. SCHLESINGER: Just one more thing. I think
12  as a matter of practicality we should -- let's adjourn
13  this case out 45 days, so they can file the plan and get
14  it approved.
15      Is that a reasonable amount of time?
16      THE COURT: I'm not adjourning it. We are
17  settling it on the record now, subject to a motion to
18  reopen if it doesn't happen.
19      Now I lost my train of thought. See what
20  happens?
21      MR. MARTIN: Time frame?
22      THE COURT: Approximate time frame?
23      MR. MARTIN: We have a conference with the
24  bankruptcy judge on Friday. She will be very happy to
25  hear the case is settled. I think everyone here wants it

cb

8

BRT Realty v. Lax, et al.

1  done quickly. If we can get a plan confirmed in
2  ninety days, super.
3      THE COURT: And the keys will be turned over as
4  expeditiously as permitted.
5      MR. MARTIN: In connection with what
6  Mr. Schlesinger called the effective date, which is a
7  bankruptcy term of art.
8      THE COURT: I want the record to reflect that we
9  have had numerous lengthy conferences on this case
10  involving all the parties, their attorneys, attorneys who
11  have intervened. We have required accountants to show up,
12  have had the parties here, have had all sorts of advisers
13  here. And everybody now understands and appreciates the
14  significance of this deal, and there are no questions from
15  anybody; is that correct?
16      MR. SCHLESINGER: That's correct. And we want
17  to thank the Court for absolutely going above and beyond
18  in settling this case.
19      (Continued on next page. Nothing deleted.)
20
21
22
23
24
25

cb

BRT Realty v. Lax, et al.

1    MR. COHN:  Yes, I join in that.

2    MR. MARTIN:  Thank you, your Honor.

3    MR. DIDORA:  Thank you.

4    THE COURT:  Good luck to you all.  And I think a

5  real good deal was made.  I really do.

6

7                      - o 0 o -

8  Certified that the foregoing is a true and accurate transcript
   of the original stenographic minutes in BRT Realty v. Lax, et
9  al., taken on June 1, 2011.



CONSTANCE REED, CSR
Official Court Reporter

cb